Keith JOHNSON, Appellant-Defendant,

v.

STATE of Indiana, Appellee-Plaintiff.

No. 4–881A99.

Court of Appeals of Indiana, Fourth District.

Feb. 10, 1982.

W. Henry Walker, East Chicago, for appellant-defendant.

Linley E. Pearson, Atty. Gen. of Indiana, Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Keith Johnson appeals his conviction by a Lake Superior Court jury for voluntary manslaughter.[1] Johnson contends the evidence at trial was insufficient to establish guilt beyond a reasonable doubt.

We disagree and affirm the trial court.

### I.

In determining the question of sufficiency we do not weigh the evidence nor resolve questions of credibility but look only to the evidence and reasonable inferences therefrom which support the verdict. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable jury could infer the defendant was guilty beyond a reasonable doubt. *Neice v. State*, (1981) Ind., 421 N.E.2d 1109, 1111.

### II.

The evidence in a light most favorable to the State is as follows:

Mark Ewing and Keith Johnson knew and disliked each other. On May 4, 1980, Johnson saw Ewing with a disabled automobile along Cline Avenue in East Chicago. Ewing tried to stop Johnson for assistance but Johnson drove on by.

The next day, Ewing and three other men went to Johnson's home and retaliated for Johnson's rudeness by beating him with a club and demanding money. They said they would return later that evening to collect it. Johnson reported the incident to police and was told to file a complaint with the prosecutor the next morning.

About nine o'clock that evening, Johnson told his brother, Kevin, what had happened, and the two went to Ruff's Liquor Store to confront Ewing.

Damon Crawford, who was there, testified: "When I got outside (the liquor store) there were two guys that had Mark Ewing pinned against his car.... It seems like they were threatening him about something that had happened in the past, which I don't know much about. They were talking, you know, about beating him."

Crawford interfered and the commotion ended. Johnson took his brother home and returned to the liquor store alone about an hour later. Witnesses Crawford and Gregory Bigham testified Ewing went inside the store when Johnson arrived. Johnson stopped his car 20 to 30 feet from the store, got out with a rifle and began firing in the direction of the half-dozen people standing

---

1. Johnson was charged with murder, Ind.Code 35–42–1–1 and was convicted of the lesser included offense of voluntary manslaughter, Ind. Code 35–42–1–3, which provides:

 "Voluntary manslaughter.—(a) A person who knowingly or intentionally kills another human being while acting under sudden heat commits voluntary manslaughter, a class B felony.

 (b) The existence of sudden heat is a mitigating factor that reduces what otherwise would be murder under section 1(1) to voluntary manslaughter."

in front of the store. A bystander, Paul Smith, was killed. Johnson left the scene and was later arrested on a warrant.

### III.

■ Johnson, who maintains he was acting in self defense, testified he shot only after Ewing came toward him with a handgun threatening his life. That testimony contradicts the State's eyewitnesses, who testified Ewing retreated when Johnson arrived. The jury was, of course, free to believe whoever they judged to be most credible. On appeal, we will not reweigh the evidence nor judge the credibility of the witnesses. We review the evidence only to determine whether there was substantial evidence of probative value to support the jury's verdict as to voluntary manslaughter and rejection of Johnson's defense of self-defense.

■■ The guidelines for this court's review of a claim of self-defense, as established by the Indiana Supreme Court in *King v. State*, (1968) 249 Ind. 699, 234 N.E.2d 465, are as follows:

"Where one has taken the life of another human being, and thereafter contends that he did so in self-defense, he can only be successful in his contention if:

(1) he acted without fault,

(2) he was in a place where he had a right to be, and

(3) he was in real danger of death or great bodily harm, or in such apparent danger as caused him in good faith to fear death or great bodily harm."

When the defendant has successfully raised the issue of self-defense, the State may either rebut it directly or rely upon the sufficiency of its evidence in chief. *Nuss v. State*, (1975) 164 Ind.App. 396, 328 N.E.2d 747.

■ In this case, there is eyewitness testimony that refutes Johnson's contention he was in danger of death or great bodily harm from an assailant when he shot Paul Smith. There was evidence of a battery on Johnson by Ewing and Johnson's frustrated attempt to get police help. There was evidence of an assault on Ewing by the Johnson brothers only hours later. There was evidence that an armed, angry and fearful Johnson sought out Ewing and fired several shots in his direction. Tragically, those shots fatally injured Paul Smith.

Finally, there was evidence Ewing went into the store when Johnson arrived and was not in the street when the shooting began.

That evidence was sufficient to show the intentional taking of a life in the heat of passion and to negate self-defense as a justification.

We accordingly affirm.

MILLER, P. J., and YOUNG, J., concur.